041232/19344/MHW/JFM/DBS

# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TRIPP,<br><br>    Plaintiff,<br><br>v.<br><br>SUPT. ENGELSON, et al.,<br><br>    Defendants. | Case Number 15-cv-1728<br><br>Judge Jorge L. Alonso |

### FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS, WEXFORD HEALTH SOURCES, INC. AND MARY DIANE SCHWARZ, P.A.

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC. and MARY DIANE SCHWARZ, P.A. (incorrectly sued as "Dr. Diane"), by and through their attorneys, Mathew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

1. Plaintiff, ANTHONY TRIPP, a former inmate at Stateville Northern Reception and Classification Center ("Stateville NRC"), filed a complaint against Illinois Department of Corrections ("IDOC") prison officials, one of his medical providers, MARY DIANE SCHARZ, P.A., and P.A. Schwarz's employer, WEXFORD HEALTH SOURCES, INC., claiming civil rights violations related to, *inter alia*, a failure by P.A. Schwarz to give him medications during a new inmate medical intake screening allegedly performed by P.A. Schwarz on October 31, 2014, when the Plaintiff transferred from Cook County Jail to Stateville NRC. *See* Defendants Statement of Undisputed Facts ("SOF"), ¶¶ 3-4.

2. As to Wexford, the Plaintiff sues Wexford only an in impermissible *respondeat superior* liability theory based on the alleged failures of its employee, P.A. Schwarz. (SOF at ¶ 4).

3. The Defendants have consented to this Court's jurisdiction and venue by admission in his Answer to the Plaintiff's First Amended Complaint. (SOF at ¶ 3-4).

4. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

5. As a threshold matter, Plaintiff, improperly, seeks to hold P.A. Schwarz liable for medical care in which she never participated. (SOF at ¶ 48). Liability under 42 U.S.C § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, the Plaintiff claimed that he treated with P.A. Schwarz only one time, October 31, 2014. *See* SOF at ¶ 45 ("October 31, 2014 was the very first and only time I seen Diane"). When a Wexford medical practitioner, such as P.A. Schwarz, performs a medical examination of an inmate at Stateville NRC, he or she generates a medical progress note of his or her interaction with that inmate. (SOF at ¶ 15). The progress note is maintained in the inmate's IDOC medical file. (SOF at ¶ 15).

6. Specifically, as to P.A. Schwarz, she testified that she always makes a medical progress note. (SOF at ¶ 16). She does this so that if she sees the patient again, she can refer back to her prior notes. (SOF at ¶ 16). In this case, P.A Schwarz reviewed the inmate's medical file, including specifically, October 31, 2014 - the only day that the Plaintiff testified he treated with

P.A. Schwarz. (SOF at 45, 51). **P.A. Schwarz confirmed that she never authored a single medical note in the chart, so she never saw or treated the Plaintiff. (SOF at ¶ 51).**

7. Even if the Court believes the Plaintiff that he treated with P.A. Schwarz, in spite of the objective evidence to the contrary, the Plaintiff has not established the elements of a deliberate indifference claim against P.A. Schwarz. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

8. The Plaintiff has not proven the existence of an objectively serious medical condition. A serious medical need is an objective, life-threatening situation, or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Here, the Plaintiff's alleged serious conditions are: bipolar disorder, migraines, hypertension, back spasms, and arthritis. (SOF at ¶ 46). He claims that he was on medications for all of these conditions immediately prior to his transfer into Stateville NRC on October 31, 2014. (SOF at ¶ 38). However, the medical transfer form completed by Cook County Jail medical staff at the time of his transfer from Cook County to Stateville NRC actually stated that the Plaintiff was on zero medications at the time of his transfer from Cook County Jail to Stateville NRC. (SOF at ¶ 40). Thus, there is no evidence that he needed treatment.

9. The Plaintiff has not proven that P.A. Schwarz possessed subjective notice of an excessive risk to the inmate's health. The second element of a deliberate indifference claim –

subjective notice – requires that "[A] plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016). As discussed, *supra*, P.A. Schwarz never saw or examined the Plaintiff. P.A. Schwarz testified that when she sees an inmate, she always makes a medical progress note. (SOF at ¶ 16). Moreover, it bears noting that even if the Plaintiff could establish that he saw P.A. Schwarz on October 31, 2014, he could not have reported experiencing pain on that day. (SOF at ¶ 45). At his deposition, the Plaintiff, admitted, under oath, that the pain only began *after* he spent a night sleeping in the "boat" - a type of temporary bed and mattress given to inmates in the overflow room. (SOF at ¶ 48). At his deposition, the Plaintiff could offer no explanation for how it was possible that he could have told P.A. Schwarz, on his very first day in the prison, about a pain that he admitted did not develop until his second day at the prison - the Plaintiff went silent. (SOF at ¶ 48).

10. P.A. Schwarz did not display the required culpability to support a finding of deliberate indifference. In order to infer the required culpability, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A medical provider is entitled to deference unless "no minimally competent medical professional would have so responded under these circumstances." *Sain*, 512 F.3d at 894-95. **P.A. Schwarz can point to <u>four (4) providers</u> who declined to give the Plaintiff the medications in the same time frame as her alleged October 31, 2014 examination**. (SOF at ¶ 39, 52-57, 59).

11. The Plaintiff has failed to carry his burden of identifying a pattern of neglect by P.A. Schwarz in order to support his claim for constitutional deliberate indifference. The Seventh Circuit requires that when assessing whether the Plaintiff has satisfied the extremely

4

high burden of proving deliberate indifference, the totality of an inmate's medical care must be considered. *See Dunigan v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999). Here, the Plaintiff focuses on a single interaction (that again, the objective evidence suggests never occurred). (SOF at ¶ 45, 51). However, the record shows that the Plaintiff was seen by one medical provider that day (Nurse Dart) and also a mental health professional. (SOF at ¶¶ 52-57). Likewise, he was seen by another P.A. on November 3, 2014. (SOF at ¶ 59). If he had a problem with P.A. Schwarz's alleged October 31, 2014 treatment, he had an opportunity to address it with a different provider who held the exact same licensure as P.A. Schwarz just three days later. (SOF at ¶ 59). Of course, P.A. Owikoti made the exact same medical assessment as every other provider, including those at Cook County Jail - the Plaintiff did not need medications. (SOF at ¶ 59).

12. Plaintiff has not produced verifying or expert medical evidence. Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of his medical treatment is insufficient to raise a genuine issue of material fact. *Jackson v. Pollion,* 733 F.3d 786, 790 (7th Cir. 2013). Fact discovery is closed, and the Plaintiff has no medical opinion in support of his claim.

13. As to Wexford, the Plaintiff has not established *Monell* liability. Private corporations acting under color of state law, like municipalities, may be held liable for injuries resulting from unconstitutional policies or practices. *Monell v. Dept. of Social Servs. of City of New York,* 436 U.S. 658, 690-91 (1978). In order "[t]o hold [Wexford] liable under § 1983 and *Monell*, [Plaintiff] must demonstrate that [Wexford's] 'official policy, widespread custom, or action by an official with policy-making authority was the "moving force" behind his constitutional injury." *See Smith*, 2017 U.S. Dist. LEXIS 187760 at *19-20 *quoting Daniel v.*

*Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016) (quoting *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016)).

14. First, Here, the Plaintiff did not expressly file a *Monell* claim. (SOF at ¶ 4). Rather, he sued Wexford solely through the actions of its employee, P.A. Schwarz. (SOF at ¶ 4). liability. The ban on § 1983 *respondeat superior* claims applies equally to alleged civil rights violations committed by a private corporation. *Iskander*, 690 F.2d at 127 (7th Cir. 1982).

15. Second, even if the Plaintiff actually pled a *Monell* liability claim, which he expressly did not, he has failed to identify any unconstitutional policy or widespread practice by Wexford that caused him harm. There are two components to a *Monell* claim, first, the Plaintiff must show that an unconstitutional policy or practice exists, and then, second, the Plaintiff must show that deliberate indifference occurred as a result of this unconstitutional policy or practice. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). <u>First, the Plaintiff has not produced or cited to a single Wexford policy.</u> (SOF at ¶ 4). <u>Second, the only policy that could conceivably be at issue in this case - new inmate screenings at Stateville NRC - was developed by the IDOC and not Wexford.</u> The IDOC and not Wexford developed the medical screening protocols for inmates arriving into Stateville NRC. (SOF at ¶ 14).

16. Third, even if the Plaintiff actually pled a *Monell* claim - which he did not - Plaintiff cannot establish underlying deliberate indifference against P.A. Schwarz. *See Shaw v. Wexford Health Sources, Inc.*, No. 13-cv-9335, 2017 U.S. Dist. LEXIS 5661, * 12 (N.D. Ill. Jan. 13. 2017) ("No reasonable jury could return a verdict against Wexford for deliberate indifference, particularly when there is no individual liability").

17. The Plaintiff's claim for punitive damages fails. Punitive damages may be awarded under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated

by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). P.A. Schwarz never saw the Plaintiff, and there is certainly no evidence in this case to support that she ever had an evil motive or intent towards this inmate. (SOF at ¶ 51). Therefore, even if this Court finds that there is a question of fact as to the Plaintiff's deliberate indifference claim, it should still find that the Plaintiff will be unable to recover punitive damages, and grant Summary Judgment on this issue.

18. The Wexford Defendants incorporate their Local Rule 56.1 Statement of Undisputed Facts and Memorandum of Law in Support of Summary Judgment that are filed concurrently with this Motion.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC. and MARY DIANE SCHWARZ, P.A., pray that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing the case with prejudice against Plaintiff, awarding fees and costs, and for any other relief deemed just.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC. and
MARY DIANE SCHWARZ, P.A.

By: /s/ James F. Maruna
    Matthew H. Weller / ARDC No. 6278685
    James F. Maruna / ARDC No. 6313433
    CASSIDAY SCHADE, LLP
    20 N. Wacker Drive, Suite 1000
    Chicago, IL 60606
    (312) 641-3100
    (312) 444-1669 - Fax
    mweller@cassiday.com
    jmaruna@cassiday.com

    *Counsel for Defendants, Wexford Health Sources, Inc. and Mary Diane Schwarz, P.A.*

Case: 1:15-cv-01728 Document #: 143 Filed: 12/15/17 Page 8 of 9 PageID #:571

8

## CERTIFICATE OF SERVICE

    I hereby certify that on December 15, 2017 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

8731965 JMARUNA